## DANIEL LYLE v. ANDREW L. BURKE.

*Trusts—Accepted by proceeding thereunder—Not disturbed by appointment of administrator—Assignment of notes by operation of trust.*

A trust is sufficiently accepted by proceeding to execute it.

A declaration of trust operates to assign to the trustee the notes from which the trust fund is to be raised, even if not indorsed to him.

A trust, and not a mere agency, was *held* to be created by an instrument executed and delivered to a brother, and entrusting a certain specified fund in cash and notes to his "good faith and sound judgment   *   *   to use and expend the same so far as may be necessary for the comfortable support" of the party executing the trust and of his sister, during the remainder of their lives, the surplus, if any, to be divided among his heirs according to directions. *Held* also that this trust remained in force so long as one of the beneficiaries was entitled to support, and was not revoked by the death of the maker of the trust.

Error to Cass. Submitted Jan. 31. Decided April 9.

ASSUMPSIT. Plaintiff brings error.

*Spafford Tryon* and *F. Muzzy* for plaintiff in error. Intent to create an express trust will not be presumed in the absence of an express declaration, *Heermans v. Robertson*, 64 N. Y., 343; *Crissman v. Crissman*, 23 Mich.,

217; *Orton v. Knab*, 3 Wis., 527; *Brabrook v. Boston Savings Bank*, 104 Mass., 228; *Badgley v. Votrain*, 68 Ill., 25; Tiffany on Trusts, 20, 21; the law will never imply a trust unless necessary, *Cook v. Fountain*, 3 Swanst., 592; *Thompson v. Thompson*, 18 Ohio St., 81; if a trust carries absolute power to dispose of the property, provision for a contingent remainder is void, *McLean v. MacDonald*, 2 Barb., 537; *McDonald v. Walgrove*, 1 Sandf. (Ch.), 274; *Hill v. Hill*, 4 Barb., 427; *Jackson v. Bull*, 10 Johns., 18; *Jackson v. Robins*, 15 Johns., 168; *Patterson v. Ellis*, 11 Wend., 259; *Flanders v. Clark*, 1 Ves. Sr., 9; *Pinckney v. Pinckney*, 1 Bradf., 269; *Ide v. Ide*, 5 Mass., 500; *Atty. Gen. v. Hall*, Fitzgibbon, 314; the instrument in this case created a mere agency, *Fellows v. Heermans*, 4 Lans., 259; *Lewis v. Nelson*, 4 Mich., 630; *Heermans v. Ellsworth*, 3 Hun, 473; *Higgins v. Whitson.* 20 Barb., 141; and was revoked by the death of the maker, *Hunt v. Rousmanier*, 8 Wheat., 174; Story on Agency, § 487; 2 Kent's Com., 643-7.

*O. W. Coolidge* and *N. A. Balch* for defendant in error. A simple letter or memorandum will be enough to create a trust if it clearly expresses such intent and connects the trustee with the subject matter, Hill on Trustees, 98; the instrument in this case created a valid trust, *Bill v. Cureton*, 2 Myl. & K., 503; *Brown v. Harris*, 25 Barb., 135; *Wetmore v. Truslow*, 51 N. Y., 338; *Sherwood v. Andrews*, 2 Allen, 79; *Stone v. Hackett*, 12 Gray, 227; *Fortescue v. Barnett*, 3 Myl. & K., 37; *Hunter v. Hunter*, 31 Barb., 334; *Kekewich v. Manning*, 1 De G., M. & G., 176; one may create a trust for his own benefit, *Ellison v. Ellison*, 6 Ves., 656; *Pulvertoft v. Pulvertoft*, 18 Ves., 84; acting under a trust implies acceptance, *Thatcher v. St. Andrew's Church*, 37 Mich., 269.

COOLEY, J. The plaintiff, as administrator upon the estate of William Burke, brings suit to recover the avails of certain promissory notes, and an additional sum of money which it is conceded were the property of Wil-

liam Burke in his lifetime, and had been delivered to defendant for him as the purchase price of certain lands sold to one Smith. The notes were given by Smith, and were payable to the order of William Burke. Defendant was brother of William Burke, and they had a sister, Rebecca, who at the date of the land sale resided with William. The latter was then about eighty years of age. While defendant thus held the money and notes, William Burke executed and delivered to him the following paper:

*To Andrew L. Burke, Esq., of Berrien township, Berrien county, Michigan:*

DEAR BROTHER:—Having unbounded confidence in your good faith and sound judgment as a man, and your kind affection as a brother, I herewith place in your hands, in cash, the sum of eight hundred dollars, and in the notes of James Smith for five thousand dollars, for the following purposes, to-wit:

*First.* That you shall use and expend the same so far as may be necessary for the comfortable support of myself and of my sister, Rebecca, in a decent and respectable manner, in a style becoming our position in society, during the remainder of my natural life, we remaining and continuing on the premises leased to me by James Smith.

*Second.* That after my decease you shall in like manner, with said funds and the proceeds of said Smith's notes, if by that time paid, and if not paid, after the same shall be paid, support and provide for and maintain my said sister, Rebecca, for and during the term of her natural life, if she shall survive me, she remaining on and occupying said leased premises if she desires so to do.

*Thirdly.* After my decease, and after the decease of my said sister Rebecca and after all just claims and demands against us or either of us, are paid and satisfied, then I direct you in case any of said money or moneys, the proceeds of the said James Smith's notes, shall be on hand and unexpended, to apportion and divide the same, share and share alike, among all of my heirs then in being, just precisely in such proportion as the said heirs would be entitled to the same under the statutes of the State of Michigan, relating to the distribution of the estates of deceased persons.

Dated Pokagon, November 18, 1868.

Witness: Silas Ireland.

WILLIAM X BURKE.
his mark.

Acting under the authority of this writing, defendant collected the Smith notes. William Burke died in October, 1869, and plaintiff was appointed administrator of his estate in 1871. Rebecca Burke is still living, and no question is made in this case of failure of duty on the part of defendant, if he is effectually charged with any duty by the writing above recited and by his receipt of moneys under its authority.

It is claimed on the part of plaintiff that the writing is merely a power of attorney to defendant to receive moneys for William Burke; that it created no trust, because apt words for that purpose were not employed, and the intent was that William Burke should retain for his own use not the income of the fund merely, but the fund itself, so far as he might see fit to appropriate it; that he therefore had full power and control over it, and when he died the authority he had conferred on his agent or attorney was *ipso facto* revoked and terminated. And stress is laid in this connection upon the fact, as a significant one, that William Burke never endorsed the Smith notes, and consequently the legal title was never passed to the defendant.

We are of opinion that the plaintiff is in error in the position that the writing created a mere agency. The manifest purpose was to create a trust. The fund was entrusted to the "good faith and sound judgment" of Andrew L. Burke, and he was to "use and expend" the same, so far as might be necessary, for the comfortable support of William and Rebecca during their lives and the life of the survivor. He was also after the death of the survivor to apportion and divide the remainder. These are apt words to create a trust: none more specific were necessary or were important. William Burke reserved no control to himself, and probably intended to reserve none. His great age rendered it suitable and prudent for him to create this trust, and thereby relieve himself of the care of his property, and at the same time provide amply for the comfortable support of him-

self and his sister. Little light can be thrown upon this case by the opinions in *Heermans v. Robertson*, 64 N. Y., 332, to which we are referred. The supposed trust there was a trust in real estate, and the questions concerning it arose under the statute. We have no statute which will preclude the creation of such a trust as was here intended.

The fact that the notes were not endorsed over to defendant was not important. They were placed in his hands, and the declaration of trust operated as an assignment. The maker of the notes could not have disputed his authority to enforce payment, and he did not assume to do so. Nor was any formal acceptance of the trust essential. It was sufficiently accepted when defendant proceeded to execute it.

Had Rebecca Burke deceased before the institution of this suit, and had all claims under the trust been satisfied, so that nothing but distribution among the next of kin remained to be made, the argument that the authority of the defendant had terminated would be more forcible than it is now. But if terminated it must be because the purpose of the trust was fulfilled; and it was not fulfilled so long as one of the *cestuis que trust* was entitled to a support from the fund. To that extent the trust remained in full force on the death of William Burke, and the appointment of an administrator could not disturb it.

The judgment must be affirmed with costs.

The other Justices concurred.